UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **SCOTT NORTON,** )<br>　)<br>　Plaintiff )<br>　)<br>　)<br>v. )<br>　)<br>**OSMOSE UTILITIES SERVICES, INC.,** )<br>　)<br>　)<br>　Defendant )| Docket No. CV-19- |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, Scott Norton, by and through counsel, Sarah A. Churchill, Esq., and complains against Defendant as follows:

### PARTIES

1. Plaintiff, Scott Norton, is a resident of the town of Brewer, Maine.

2. Defendant, Osmose Utilities Services, Inc., is a corporation formed under the laws of the State of Delaware and is doing business in the State of Maine.

### JURISDICTION

3. The Court has original jurisdiction under 28 U.S.C. §1331

4. The Court has concurrent jurisdiction over Plaintiff's state law claims.

1

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Plaintiff resides in this district and events giving rise to the claim occurred, in part, in this district.

## STATEMENT OF FACTS

6. Plaintiff began working for Defendant in May of 2016.

7. Plaintiff received positive performance reviews during his employment.

8. Plaintiff was qualified for his position.

9. Plaintiff received safety training from Defendant shortly after he was hired.

10. It was made clear to Plaintiff during this training that Defendant wanted to handle workplace injuries in a manner that would not make them reportable events.

11. In July of 2016 Plaintiff developed an abscess in his arm.

12. Plaintiff was assigned to a location in New York by Defendant at this time.

13. This abscess was caused by a workplace injury.

14. Plaintiff went to get medical treatment for the abscess on July 14, 2016.

15. Plaintiff's supervisor insisted on being in the examination room with Plaintiff during the medical treatment.

16. The doctor recommending antibiotics at that time but Plaintiff felt pressured by his supervisor to turn them down because it would have resulted in him missing work.

17. Plaintiff ultimately developed a severe infection in his arm that resulted in a three day hospitalization with IV antibiotics.

18. Plaintiff did not disclose the hospitalization to Defendant because he feared losing his job.

19. As part of his work duties Plaintiff would drive A Utility Tsk Vehicle, or UTV, on various job sites to inspect power lines.

20. Plaintiff reported a brake failure in his UTV to his supervisor on August 16, 2016.

21. The UTV was not examines or repairs at that time.

22. Plaintiff was told to drop it off in Massachusetts on his way home to Maine for inspection.

23. Plain tiff was then asked to remain on the job site in New York for another week using this same UTV before returning home to Maine.

24. On August 23, 2016 Plaintiff suffered a serious work place injury when the brakes on the UTV failed again.

25. Plaintiff immediately reported this incident to one of my supervisors, Frank Pieri.

26. Mr. Pieri instructed Plaintiff to return to his hotel room immediately.

27. Plaintiff was instructed to wait in his hotel room for management for Defendant to arrive and take a full report.

28. Mike Nadig and Frank Pieri, supervisors for Defendant, arrived at Plaintiff's hotel room to take a report of this injury.

29. Plaintiff was extremely sore in his back neck and shoulders and had a large bump on his head from where he hit is when the UTV over turned.

30. Plaintiff was instructed by Mike Nadig not to seek medical treatment and to take over the counter medications.

31. Plaintiff did not seek medical treatment that day but ultimately did in the following days because his condition worsened.

32. Plaintiff ultimately had medical treatment for injuries to his head, shoulders, neck, and back.

33. These injuries resulted in Plaintiff having some paralysis to his hands.

34. Due to these injuries Plaintiff was placed on light duty and sent home to Maine.

35. Plaintiff's injuries resulted in an inability to engage in all activities of daily living.

36. For example, due to the hand paralysis Plaintiff has great difficult writing, typing and using his hands for fine motor skills during flare ups.

37. Plaintiff's injuries also resulted in a disruption to his sleep and physical limitations on lifting, pushing, and pulling items for extended periods of time.

38. Plaintiff's light duty consisted of reviewing written manuals and doing any other work that he was assigned to do while home in Maine.

39. Plaintiff was able to complete the light duty tasks that were assigned to him.

40. As part of Plaintiff's employment he was given a company truck by Defendant.

41. Plaintiff was allowed to take the company truck home to Maine after he was injured.

42. Plaintiff used the company truck consistent with Defendant's polices relating to the use of company vehicles.

43. On September 6, 2016 David Acker, an employee of Defendant, came to Plaintiff's home and took Plaintiff's company truck from him and implied that Plaintiff was no longer employed with Defendant.

44. Plaintiff was told that he was terminated for unauthorized use of the company vehicle.

45. Plaintiff's termination happened shortly after he reported the mechanical safety issue with the UTV and sought medical treatment against the advice of his supervisor for his work place injuries.

46. Plaintiff has complied with all statutory pre-filing requirements with the Maine Human Rights Commission.

47. Plaintiff has complied with all statutory pre-filing requirements of the Equal Opportunity Commission.

## Count 1

**Maine Human Rights Act: Disability Discrimination**

48. Plaintiff realleges and incorporates by reference the allegations set forth in the paragraphs above.

49. Plaintiff was a member of a protected class in that he had a disability.

50. Plaintiff suffered from pneumonia and is deaf in one ear which affected his ability to complete activities of daily living.

51. Defendant was on notice about Plaintiff's disability.

52. Plaintiff was able to perform the essential functions of his position.
53. Plaintiff made clear to Defendant that he required reasonable accommodations in his job for his disability.
54. Defendant refused to give Plaintiff a reasonable accommodation.
55. Defendant terminated Plaintiff because of his disability.
56. Plaintiff's disability was the motivating factor behind his termination.
57. Plaintiff's disability was the motivating factor behind Defendant's continued maltreatment of plaintiff during the separation from employment process.
58. As a result of the discriminatory treatment, Plaintiff suffered damages.
59. Defendant acted with malice and reckless indifference to Plaintiff's protected civil rights. Defendant was motivated by discriminatory intent.
60. Defendant discriminated against plaintiff in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4572.
61. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

    a.    Declare Defendant's actions unlawful;

    b.    Award Plaintiff damages;

    c.    Award Plaintiff reasonable attorney's fees, costs, and interest;

    d.    Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

    e.    Award all allowable penalties, nominal and statutory damages; and

    f.    Such further relief as the Court deems proper and just.

## Count 2

### Disability Discrimination - 42 U.S.C. §12112

62. Plaintiff herein repeats, realleges and incorporates each and every allegation and averment contained in foregoing paragraphs as if fully set forth herein.

63. The Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of a disability in regard to hiring, advancement, termination and the general conditions and privileges of employment.

64. Plaintiff is a person with a disability within the meaning of ADA due to his diagnosis of pneumonia and/or hearing loss, which affected one or more of his major life activities

65. Defendant is an employer subjected to the ADA.

66. Defendant was on notice about Plaintiff's disability.

67. Defendant did not accommodate Plaintiff's disability.

68. Defendant treated Plaintiff differently in the termination from and terms and conditions of his employment on the basis of his disability.

69. As a result of Defendant's violation of the ADA, Plaintiff suffered injury and damages and is entitled to relief.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

    a. Declare Defendant's actions unlawful;

    b. Award Plaintiff damages;

    c. Award Plaintiff reasonable attorney's fees, costs, and interest;

    d. Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

    e. Award all allowable penalties, nominal and statutory damages; and

    f. Such further relief as the Court deems proper and just.

## Count 3

### VIOLATION OF 26 M.R.S.A. §831 et seq.

72. Plaintiff herein repeats, realleges and incorporates each and every allegation and averment contained in foregoing paragraphs as if fully set forth herein.

73. Plaintiff at all material times was an "employee", and Defendant an "employer" under the Whistleblower Protection Act.

74. Plaintiff made a legally protected whistleblower report, or reports, in good faith of what he reasonably believed were violations of law or rules of the State of Maine and/or the United States or a condition or practice that would put at risk the health or safety of that employee or any other individual.

75. Plaintiff's legally protected Whistleblower report or reports were the substantial or motivating factor in Defendant's decision to discharge Plaintiff from employment.

76. Plaintiff has fully complied with the procedural requirements of 5 M.R.S.A. §4622(1)(A).

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and award Plaintiff the following relief:

a. Declare Defendant's actions unlawful;

b. Award Plaintiff damages;

c. Award Plaintiff reasonable attorney's fees, costs, and interest;

d. Order Defendant to reinstate Plaintiff or, in lieu, of reinstatement order back and front pay;

e. Award all allowable penalties, nominal and statutory damages; and

f. Such further relief as the Court deems proper and just.

## JURY REQUEST

Plaintiff hereby requests a jury trial.

Dated at Portland, Maine this 30th day of April, 2019.

                **By:  Nichols & Churchill, PA**

                /s/ Sarah A. Churchill
                Sarah A. Churchill, Esq.

        Maine Bar No. 9320
        Attorney for Plaintiff

        NICHOLS & CHURCHILL, PA
        1250 Forest Avenue
        Suite 10
        Portland, ME 04103
        (207)879-4000
        schurchill@nicholschurchill.com